

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NELDA SEIDEL, INDIVIDUALLY & AS ADMINISTRATOR AD PROSEQUENDUM & GENERAL ADMINISTRATOR OF THE ESTATE OF EARL R. BROWN, JR.,<br><br>PLAINTIFF,<br><br>V.<br><br>THE EGGO COMPANY, KELLANOVA, JOHN DOES, ABC PARTNERSHIPS & XYZ CORPORATIONS, JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE,<br><br>DEFENDANTS, | CASE NO.<br><br>Jury Trial   ■ Yes / ☐ No<br><br>**COMPLAINT FOR CIVIL CAUSE** |

The plaintiff, Nedel Seidel, Individually and as Administrator Ad Prosequendum and General Administrator of the Estate of Earl R. Brown, Jr., residing at 5705 Vale Avenue, in the City of Millville, County of Cumberland, and State of New Jersey, by way of Complaint against defendants, The Eggo Company, Kellanova, John Does, ABC Partnerships, and XYZ Corporations, jointly, severally and/or in the alternative, states as follows:

## COUNT I

## JURISDICTION

1. Earl R. Brown, Jr., of the City of Millville, County of Cumberland, and State of New Jersey, was a long-time employee of Kellogg USA, Inc., now defendant, The Eggo Company, a subsidiary of defendant, Kellanova, at their location at

322 So. Egg Harbor Road, in the Town of Hammonton, County of Atlantic, and State of New Jersey, on August 15, 2022.

2. Nelda Seidel is the Administrator Ad Prosequendum and General Administrator of the Estate of Earl R. Brown, Jr. and resides in the City of Millville, County of Cumberland, and State of New Jersey.

3. The Estate was presented for probate in the County of Cumberland, State of New Jersey.

4. Defendant, The Eggo Company, a subsidiary of defendant, Kellanova, is a corporation with business headquarters in the City of Chicago, County of Cook, and State of Illinois, which operates the above-referenced facility located at 322 So. Egg Harbor Road, in the Town of Hammonton, County of Atlantic, and State of New Jersey.

## STATEMENT OF CLAIM

5. Earl R. Brown, Jr., during his time with defendants, had served as a shop steward and was well known by management as a strong supporter of the average worker and a pro-labor activist.

6. Earl R. Brown, Jr. had filed grievances against defendants on behalf of co-workers drawing the rath of management.

7. Earl R. Brown, Jr. was threatened numerous times with termination – particularly after he testified against his supervisor for alleged sexual harassment charges. Earl R. Brown, Jr. was in the process of filing a hostile work environment lawsuit against the defendants.

8. It had become common place activity for the defendants to compel Earl R. Brown, Jr. to work 9 to 12 straight days without time off, to perform tasks outdoors without appropriate protective clothing, even during thunderstorms being made to climb a metal ladder on the roof for repairs.  When Earl R. Brown, Jr. was working on the Commentar Machine (480 Volts), which requires four separate lock checks to prevent re-energizing, he discovered on one occasion that prior to starting the work, someone had unlocked all locks allowing the Commentar Machine to re-energize.  Only management and designated on-shift technicians would have the keys to allow this to occur.

9. Earl R. Brown, Jr. was sent numerous times into freezer units to perform tasks without appropriate protective clothing.

10. It appeared to Earl R. Brown, Jr. that he had been singled out and routinely assigned extremely dangerous work in an effort by his supervisors to cause serious bodily harm and even death.

11. On August 15, 2022, at the location of defendants in Hammonton, New Jersey, Earl R. Brown, Jr. lost consciousness and fell – striking his head in the process, causing obvious injury and related bleeding.

12. At the aforementioned time and place, supervisor employees of the defendants refused or otherwise intentionally failed to call for appropriate medical assistance – instead ordering that Earl R. Brown, Jr. be placed in a chair and when obviously unable to return to work, make his own arrangements for treatment off site.  Earl R. Brown, Jr.'s supervisor observed him lying on the floor and did not implement company protocols.  Instead,

after placing him on the chair as set forth above, ordered him to walk to his car (assisted by two employees) to retrieve his telephone to make the call to David Dunham.

13. Earl R. Brown, Jr. contacted a friend, David Dunham, to assist him at the Hammonton, New Jersey location.

14. It took David Dunham more than an hour to get to the Hammonton, New Jersey location.

15. Earl R. Brown, Jr. advised David Dunham that the company had ordered him to present at an Urgent Care before returning to work.

16. Rather than proceed to an Urgent Care, Earl R. Brown, Jr. requested that David Dunham take him to an emergency room – as he felt he was going to again lose consciousness. David Dunham took him to an emergency room in Vineland, New Jersey.

17. Upon arrival at the emergency room, Earl R. Brown, Jr. had lost consciousness and despite efforts at the emergency room of Inspira Health – Vineland, Earl R. Brown, Jr. had succumbed to his injuries. Upon being advised of the passing of Earl R. Brown, Jr., the emergency room physician also advised that the outcome would have been different if he was properly treated at the workplace.

18. The defendants' failure to assist Earl R. Brown, Jr. in properly addressing his injuries and resulting condition were a direct cause of his death.

19. As a direct result of the intentional acts of defendants, Earl R. Brown, Jr., having suffered severe bodily injuries, was not afforded appropriate care, not merely on the onset of this incident, but continued thereafter.

20. Defendants, through their employees, acted with knowledge and intent and in accord with a prior pattern of intentional conduct toward Earl R. Brown, Jr.

21. The actions of defendants were outside the purview of the industrial setting and, as such, were not a risk inherent with the work performed.

22. As a direct and proximate result of the wanton, reckless and intentional actions of the defendants, Earl R. Brown, Jr. suffered severe permanent injuries resulting in his death.

**WHEREFORE,** plaintiff, Nelda Seidel, Individually, and as Administrator Ad Prosequendum and General Administrator of the Estate of Earl R. Brown, Jr., demands judgment against defendants, The Eggo Company and Kellanova, for damages, interest, costs of suit and all other relief the court may deem equitable and just.

## COUNT II

23. Plaintiff repeats the allegations contained in Count I of the Complaint and makes the same a part hereof by reference.

24. Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other persons and/or entities who may be, in part, responsible for the losses and damages sustained by plaintiff.

25. Said other persons and/or entities have been named as John Does, ABC Partnerships and XYZ Corporations, jointly, severally and/or in the alternative.



26. Plaintiff reserves the right to amend the Complaint when and if said other persons and/or entities become known.

27. Said other persons and/or entities not yet known were wantonly reckless and/or acted intentionally so as to cause the subject incident to occur.

28. As a direct and proximate result of the wanton, reckless and intentional actions of said other persons and/or entities not yet known, Earl R. Brown, Jr. suffered severe permanent injuries resulting in his death.

**WHEREFORE,** plaintiff, Nelda Seidel, Individually, and as Administrator Ad Prosequendum and General Administrator of the Estate of Earl R. Brown, Jr., demands judgment against defendants, John Does, ABC Partnerships and XYZ Corporations, jointly, severally and/or in the alternative, for damages, interest, costs of suit and all other relief the court may deem equitable and just.

## **COUNT III**

29. The plaintiff repeats the allegations contained in Counts I and II of the Complaint and makes same a part hereof by reference.

30. Earl R. Brown, Jr. was the common law husband and resided with plaintiff, Nelda Seidel.

31. Plaintiff, Nelda Seidel, depended on Earl R. Brown, Jr. financially, as well as personally, for the cost and upkeep of their residence, as well as day-to-day living expenses.

32. As a direct and proximate cause of the aforesaid injuries to Earl R. Brown, Jr. plaintiff, Nelda Seidel, has and will in the future suffer the loss of support and services (both financial and personal) of Earl R. Brown, Jr.



**WHEREFORE,** plaintiff, Nelda Seidel, Individually, and as Administrator Ad Prosequendum and General Administrator of the Estate of Earl R. Brown, Jr., demands judgment against defendants, The Eggo Company, Kellanova, John Does, ABC Partnerships and XYZ Corporations, jointly, severally and/or in the alternative, for damages, interest, costs of suit and all other relief the court may deem equitable and just.

## COUNT IV

33. The plaintiff repeats the allegations contained in Counts I, II and III of the Complaint and makes same a part hereof by reference.

34. As a direct result of the acts, actions and/or omissions of defendants, the plaintiff sustained losses and damages.

**WHEREFORE,** plaintiff, Nelda Seidel, Individually, and as Administrator Ad Prosequendum and General Administrator of the Estate of Earl R. Brown, Jr., demands judgment against defendants, The Eggo Company, Kellanova, John Does, ABC Partnerships and XYZ Corporations, jointly, severally and/or in the alternative, for damages, interest, costs of suit and all other relief the court may deem equitable and just.

## **DEMAND FOR JURY TRIAL**

A trial by jury is hereby demanded on all issues.

                                        Respectfully submitted,

**GRUCCIO PEPPER DE SANTO & RUTH, P.A.**
LEE J. HUGHES, ESQ.  #033431986
817 East Landis Avenue
Vineland, NJ  08360
T (856) 691-0100
F (856) 692-4095
E lhughes@grucciopepper.com
Attorneys for Plaintiff –
Nelda Seidel, Individually & As Administrator Ad Prosquendum & General Administrator of the Estate of Earl R. Brown, Jr.

BY: *Lee J. Hughes, Esq.*
        LEE J. HUGHES, ESQ.

Dated : August 12, 2024